IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHELTER MUTUAL INSURANCE )
COMPANY, )
a/s/o FREDDIE AND AMBER HOARD, )
) NO. 3:20-cv-00813
Plaintiff, ) JUDGE RICHARDSON
)
v. )
)
BISSELL HOMECARE, INC., et al., )
)
Defendants. )

## **MEMORANDUM OPINION**

Pending before the Court is a Motion to Dismiss[1] filed by Specially-Appearing Defendant LG Chem America, Inc. ("Defendant LG Chem") for lack of personal jurisdiction (Doc. No. 23, "Motion"). Plaintiff has responded. (Doc. No. 32). Defendant has replied. (Doc. No. 34). The Motion is ripe for review.

For the reasons discussed herein, the Court will grant Defendant LG Chem's Motion.

### **BACKGROUND**[2]

On November 21, 2017, a Bissell Bolt Lithium Pet Cordless Bagless Stick Vacuum catastrophically failed, caused a fire, and burned down the home of Freddie and Amber Hoard

---

[1] The Motion to Dismiss was originally filed at Docket Number 20, and the pending Motion to Dismiss and Memorandum in Support thereof were thereafter filed to correct scrivener's errors at Docket Numbers 23 and 24. The Court previously denied the prior Motion to Dismiss (Doc. No. 20) as moot when ruling on a Motion to Ascertain Status filed by Defendant LG Chem. (Doc. No. 36). As a result, the only pending Motion to Dismiss is found at Docket Number 23.

[2] The (alleged) facts in this section are taken from the Complaint, the Declaration submitted by Defendant LG Chem (Doc. No. 24-1), and the documents submitted by Plaintiff in response to the Motion. The Court discusses the appropriate consideration of the facts on a Fed. R. Civ. P. 12(b)(2) motion in the Legal Standard section of this opinion.

1

("the insured"). (Doc. No. 1 at ¶ 15). The Lithium Ion Batteries used in the Bissell Vacuum are subject to "thermal runaway," an event where the internal battery temperature can increase and cause the battery to ignite or explode due to defective design or manufacture. (*Id.* at ¶ 17). By October 2014, all Defendants had received notices of concern regarding the use of these batteries. (*Id.* at ¶ 19).

LG Chem, Ltd., a South Korean company and the entity that manufactured the subject battery that caused the fire, is not subject to the jurisdiction of this Court. (*Id.* at ¶¶ 5, 6). Defendant LG Chem is a wholly owned subsidiary of LG Chem, Ltd. (*Id.* at ¶ 7). Plaintiff alleges that "[a]t all times relevant to this lawsuit, LG Chem America, either directly or through its wholly-owned subsidiaries, designed, tested, manufactured, advertised, sold, and/or distributed Lithium Ion Batteries throughout the United States, and directly caused Lithium Ion Batteries to be imported into the United States, including Tennessee . . ." (*Id.*).[3] Plaintiff also includes several paragraphs aimed at establishing jurisdiction that refer generally to all Defendants:

- Defendants, through their actions and those of any affiliated/parent/subsidiary companies and agents, do and did at all times relevant conduct substantial business in Tennessee by purposefully causing their products, including the Bissell Bolt Lithium Pet Cordless Bagless Stick Vacuum and Lithium Ion Batteries, to be marketed, distributed, sold and used within Tennessee.

---

[3] The Court notes that there is some confusion in the Complaint regarding Plaintiff's theory of the distribution of the battery. Plaintiff references Defendant LG Chem as an entity that "distributed" the battery. (Doc. No. 1 at ¶ 7). However, the Complaint also states that the battery and the vacuum "were distributed or sold such that it reached the State of Tennessee, or reached the end-consumer in the State of Tennessee, by the acts of Defendants Bissell Homecare and Bissell" and "Defendants Bissell Homecare and Bissell market, distributed, and/or sold the Lithium Ion Battery and the Bissell Vacuum then to the Shelter-insureds." (*Id.* at ¶¶ 137, 174). Additionally, in the "Jurisdiction and Venue" section of the Complaint, Plaintiff alleges that all Defendants "purposefully caus[ed] their products . . . to be marketed, distributed, sold and used within Tennessee." (*Id.* at ¶ 9). But also in the Complaint, Plaintiff alleged that another Defendant, Flextronics International USA, Inc., incorporated the battery into the vacuum after "directly purchas[ing]" the battery. (*Id.* at ¶ 4). Therefore, the Court finds Plaintiff's theory of who distributed, who purchased, and who incorporated the battery confusing and unclear.

- Defendants, do and did at all times relevant, derive significant revenue from its activities and the sale/use of their products in Tennessee.

- Defendants, have additionally caused Shelter-insureds Freddie and Amber Hoard, citizens of Tennessee, to suffer damage to real and personal property as a result of at least one tortious act or omission.

- Thus, through their actions, Defendants do or should reasonably anticipate being hailed into a Tennessee court and have thereby consented specifically to the jurisdiction of this Court. Defendants are thus subject to personal jurisdiction in this Court pursuant to T.C.A. §§ 20-2-214, 20-2-223 and 20-2-225.

(*Id.* at ¶¶ 9-12).

The Complaint asserts several counts against various Defendants, namely Bissell Homecare, Inc., Bissell, Inc., Flextronics International USA, Inc., and LG Chem America, Inc. The following counts pertain to the movant Defendant LG Chem: Count I for strict liability, Count II for negligence, Count III for breach of express warranty, and Count IV for breach of implied warranty of merchantability.

To support its Motion, Defendant LG Chem submitted the Declaration of Hyunsoo Kim, the Compliance Manager and authorized representative for Defendant LG Chem. (Doc. No. 24-1, "Defendant LG Chem's Declaration"). Defendant LG Chem's Declaration states that Defendant LG Chem is a Delaware corporation with its principal place of business in Atlanta, Georgia. (*Id.* at ¶ 3). It is registered to do business in Tennessee and has a registered agent for the service of process in Tennessee. (*Id.* at ¶ 4). Defendant LG Chem primarily sells and distributes various petrochemical materials and products, such as ABS resin, Engineered Plastics, etc. (*Id.* at ¶ 10). Defendant LG Chem does not have any manufacturing plants, and it focuses on sales and distribution only. (*Id.*). As it does not have any manufacturing plants, the battery could not have been manufactured by Defendant LG Chem. (*Id.* at ¶ 11). Defendant LG Chem has never sold, marketed, or distributed the batteries to individual consumers for use with the relevant vacuum.

3

(*Id.* at ¶ 12). Defendant LG Chem did not conduct business with the insureds, and it did not sell or distribute batteries to the other Defendants. (*Id.* at ¶¶ 13-14). Defendant LG Chem did not distribute or sell the subject battery in Tennessee. (*Id.* at ¶ 19). Defendant LG Chem's sales in Tennessee are exclusively limited to petrochemical materials and products, and it does not generate any other revenue in Tennessee. (*Id.* at ¶ 16). Defendant LG Chem's petrochemical materials and products that are sold in Tennessee comprise about 2.52% of Defendant LG Chem's sales. (*Id.* at ¶¶ 17, 18).

## LEGAL STANDARD

A.  <u>Standard of Review: Personal Jurisdiction</u>

Defendant LG Chem filed its motion pursuant to Fed. R. Civ. P. 12(b)(2), which provides for dismissal of a claim for "lack of personal jurisdiction." A plaintiff bears the burden of establishing personal jurisdiction. *Elcan v. FP Assocs. LTD*, Case No. 3:19-cv-01146, 2020 WL 2769993, at *3 (M.D. Tenn. May 28, 2020). On a 12(b)(2) motion to dismiss, district courts have discretion to either decide the motion on affidavits alone, permit discovery on the issue, or conduct an evidentiary hearing.[4] *Id.* (citing *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). Where, as here, the court rules without conducting an evidentiary hearing,[5] the plaintiff's burden of proof is "relatively slight." *Id.* (citing *MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 899 (6th Cir. 2017)).

---

[4] Experience shows that courts sometimes do two of these three things, namely, permit discovery on the issue and then either decide the motion on written submissions alone or conduct an evidentiary hearing.

[5] The parties did not request such a hearing, and the Court does not find that the benefits of such a hearing would outweigh its costs (in terms of expenditure of resources by the parties and the Court).

4

Case 3:20-cv-00813   Document 39   Filed 04/28/21   Page 4 of 18 PageID #: 369

Nevertheless, "'[i]n response to a motion to dismiss, the plaintiff may not stand on his pleadings, but must show the specific facts demonstrating that the court has jurisdiction." *Ramsey v. Greenbush Logistics, Inc.*, 263 F. Supp. 3d 672, 676 (M.D. Tenn. 2017) (quoting *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678 (6th Cir. 2012)). "In other words, a 'plaintiff may not simply rest on the bare allegations of the complaint. But uncontroverted allegations must be taken as true, and conflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.'" *Johansen v. HomeAdvisor, Inc.*, 218 F. Supp. 3d 577, 583 (S.D. Ohio 2016) (quoting *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015)).

Moreover, when a district court rules on a motion to dismiss under Rule 12(b)(2) without conducting an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff. *Elcan*, 2020 WL 2769993, at *3. The Sixth Circuit has held that a court disposing of a Rule 12(b)(2) motion without an evidentiary hearing should not weigh the controverting assertions of the party seeking dismissal, because "we want to prevent non-resident defendants from regularly avoiding personal jurisdiction simply by filing an affidavit denying all jurisdictional facts." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996) (citation and quotation marks omitted), cited in *Elcan*, 2020 WL 2769993, at *3. "Dismissal in this procedural posture is proper only if all the specific facts which the plaintiff . . . alleges collectively fail to state a *prima facie* case for jurisdiction." *Id.* "In this procedural posture [without an evidentiary hearing], the court does not weigh the facts disputed by the parties but may consider the defendant's undisputed factual assertions." *Camps v. Gore Capital, LLC*, No. 3:17-cv-1039, 2019 WL 2763902, at *4 (M.D. Tenn. July 2, 2019).

It is not necessarily easy to reconcile all of the above-referenced rules with one another, because, at least superficially, they could be understood to say different things about the extent to

5

which the district court must accept as true the allegations of the complaint. But the Court believes that they can be reconciled. And the upshot seems to be this: in opposing a motion to dismiss for lack of personal jurisdiction, a plaintiff cannot rely on mere allegations in the complaint, unless they are uncontroverted by the defendant-movant—in which case they can be accepted as true, as can the averments in the plaintiff's declarations (even if contradicted) and the defendant's undisputed factual assertions.

Because there has been no evidentiary hearing with regard to Defendant LG Chem's Motion, and the Court will deny Plaintiff's request for jurisdictional discovery as discussed below, the Court will determine whether Plaintiff has demonstrated personal jurisdiction over Defendant LG Chem under a *prima facie* standard, rather than the heavier preponderance of the evidence standard. *Camps*, 2019 WL 2763902, at **4-5. " 'A *prima facie* showing means that the plaintiff has produced admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction.' " *Reyes v. Freedom Smokes, Inc.*, No. 5:19-CV-2695, 2020 WL 1677480, at *2 (N.D. Ohio Apr. 6, 2020) (quoting *Death v. Mabry*, No. C18-5444 RBL, 2018 WL 6571148, at *2 (W.D. Wash. Dec. 13, 2018)).

In a diversity case such as this one, a plaintiff must satisfy the state-law requirements for personal jurisdiction. *Camps*, 2019 WL 2763902, at *5; *Bulso v. O'Shea*, No. 3-16-0040, 2017 WL 563940, at *1 (M.D. Tenn. Feb. 13, 2017) ("Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."), *aff'd sub nom. Bulso v. O'Shea*, 730 F. App'x 347 (6th Cir. 2018). Tennessee law (its so-called "long-arm" statute) authorizes its courts to exercise jurisdiction over persons on "any basis not inconsistent with the constitution of this state or of the United States." *Bulso*, 2017 WL 563940, at *1(citing Tenn. Code Ann. § 20-2-214(a)(6)). Therefore, the Court must decide whether the exercise of jurisdiction comports with

6

Case 3:20-cv-00813   Document 39   Filed 04/28/21   Page 6 of 18 PageID #: 371

the limits imposed by federal due process, without having to decide separately whether Tennessee law authorizes the exercise of jurisdiction. *Id.*; *see also Camps*, 2019 WL 2763902, at *5 ("In other words, the jurisdictional limits of Tennessee law and federal constitutional due process are identical, and the two inquiries are merged.").

B. <u>Specific Jurisdiction</u>

Personal jurisdiction comes in two forms: general and specific. *Tailgate Beer, LLC v. Boulevard Brewing Co.*, No. 3:18-cv-00563, 2019 WL 2366948, at *2 (M.D. Tenn. June 5, 2019). Plaintiff does not assert that the Court has general jurisdiction[6] over Defendant LG Chem. (Doc. No. 32).[7] Rather, Plaintiff alleges that the Court has specific jurisdiction over Defendant LG Chem.

Specific jurisdiction must arise out of or relate to the defendant's contacts with the forum—principally an activity or occurrence that takes place in the forum state. *Tailgate Beer*, 2019 WL 2366948, at *2. For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum. *EnhanceWorks, Inc. v. Dropbox, Inc.*, No. M2018-01227-COA-R3-CV, 2019 WL 1220903, at *6 (Tenn. Ct. App. Mar. 14, 2019) (citing *Walden v. Fiore*, 571 U.S. 277, 294 (2014)). "Specific jurisdiction requires us to focus on the 'affiliation between the forum and the underlying controversy.' " *Power Invs., LLC v. SL EC, LLC*, 927 F.3d 914, 917 (6th Cir. 2019) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). The question is whether "the defendant's actions connect

---

[6] "General jurisdiction" requires that a plaintiff have continuous and systematic contacts with the state. *Tailgate Beer*, 2019 WL 2366948, at *2. In its Response Plaintiff does not make an argument that general jurisdiction is present.

[7] Notably, based on a discernible trend in the law over the last few decades, "it is clear that [a defendant]'s designation of an agent for service of process, standing alone, does not constitute consent to the general jurisdiction of this state[.]" *W. Express, Inc. v. Villanueva*, No. 3:17-CV-01006, 2017 WL 4785831, at *7 (M.D. Tenn. Oct. 24, 2017).

7

him to the forum," and thus the analytical focus should not be on the plaintiff's contacts with the defendant and forum. *Walden*, 571 U.S. at 289.

The Court has specific jurisdiction over Defendant LG Chem if Plaintiff shows that: (1) Defendant LG Chem purposefully availed itself of the privilege of acting in Tennessee or causing a consequence in Tennessee; (2) the causes of action herein arose from or relate to Defendant LG Chem's activities in Tennessee; (3) Defendant LG Chem's action in Tennessee or the consequences caused by its actions directed towards Tennessee are substantial enough to make the exercise of personal jurisdiction over it reasonable. *Tailgate Beer*, 2019 WL 2366948, at *2; *Winston v. Zaehringer*, No. 1:19-CV-216, 2020 WL 3259531, at *6 (E.D. Tenn. June 16, 2020).

1. Purposeful availment

Purposeful availment is the "constitutional touchstone"[8] of personal jurisdiction. *Winston*, 2020 WL 3259531, at *6 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Purposeful availment is present where the defendant's contacts with the forum state proximately result from actions by the defendant himself that create a substantial connection with the forum. *Tailgate Beer*, 2019 WL 2366948, at *4. The purposeful availment prong of the test asks whether the defendant acted or caused a consequence in Tennessee such that it "invoked the benefits and protections" of Tennessee law and, thus, could have reasonably anticipated being brought into court there. *Elcan*, 2020 WL 2769993, at *4. A defendant should not be brought to court in a particular forum solely as a result of random, fortuitous, or attenuated contacts with that forum. *Id.*

---

[8] The Court realizes that this metaphor is too vague to be very instructive; all the Court really can derive from it is that it means that "purposeful availment" is very important to personal jurisdiction—a truism already apparent from the above-stated fact that a defendant's "purposeful availment" is required for that defendant to be subject to personal jurisdiction.

A court can have jurisdiction over a defendant even if the defendant has few contacts with the forum, but the defendant must have done something to create a contact with the forum. *Winston*, 2020 WL 3259531, at *7. A plaintiff cannot rely on his or her own contacts with the forum to justify jurisdiction over the defendant. *Id.* Thus, the defendant's relationship with the forum state must arise out of contacts that the defendant himself created; the unilateral activity of the plaintiff or a third-party cannot be the basis of exercising personal jurisdiction over a defendant. *Camps*, 2019 WL 2763902, at *6.

2. Arise out of or relate to

"If a defendant's contacts with the forum state are related to the operative facts of the controversy, then an action will be deemed to have arisen from those contacts." *Tailgate Beer*, 2019 WL 2366948, at *5. In a recent Supreme Court opinion (issued after the briefing on this Motion), the Supreme Court reiterated that specific jurisdiction attaches when a defendant cultivates a market for a product in the forum State and the product subsequently malfunctions there. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1027 (2021). The Court found that the defendant was subject to specific jurisdiction because it had systematically targeted the forum states (Montana and Minnesota) for marketing the vehicles (through advertising, selling, and servicing those models in the states for many years) that injured the plaintiffs, though the particular vehicles involved in the case were not designed, manufactured, or sold in the forum states. *Id.* at 1028. The Court rejected the defendant-appellant's focus on causation and stated that the disjunctive nature of the "arise out of *or* relate to" test indicates that causation does not *necessarily* have to be present. *Id.* at 1026. In his concurrence, Justice Alito agreed with the majority declining to adopt the defendant's but-for characterization of the specific jurisdiction test, but he expressed concern that the majority was "recogniz[ing] a new category of cases in which

9

personal jurisdiction is permitted: those in which the claims do not 'arise out of' (*i.e.*, are not caused by) the defendant's contacts but nevertheless sufficiently 'relate to' those contacts in some undefined way." *Id.* at 1033. The scope of this new gloss on this prong of the test for specific jurisdiction is unclear. But in any event, this case does not require the Court to determine whether this is an instance where the claim "relates to," despite not "arising out of," Defendant LG Chem's conduct in the forum state, as Plaintiff has not asserted this argument (or any argument) regarding this prong ("arise out of or relate to") of the test for specific jurisdiction.

### 3. Reasonableness

If a court finds that the plaintiff has established the first two prongs of the specific-jurisdiction inquiry, the burden shifts to the defendant to present a compelling case that the presence of some other considerations would render jurisdiction unreasonable. *Tailgate Beer*, 2019 WL 2366948, at *6. The burden on the defendant to meet this prong is high. *Id.* The Sixth Circuit has stated that "[i]n determining reasonableness, we examine three factors: (1) the burden on the defendant; (2) the forum state's interest; and (3) the plaintiff's interest in obtaining relief." *Bulso*, 730 F. App'x at 351.[9]

---

[9] Other courts have found five factors to be relevant in determining the reasonableness of exercising personal jurisdiction: (1) the burden on the defendant; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Tailgate Beer*, 2019 WL 2366948, at *6 (citing *Susan McKnight, Inc. v. United Indus. Corp.*, 273 F. Supp. 3d 874, 888 (W.D. Tenn. 2017)). The Court questions why a question of personal jurisdiction—one that is at bottom about due process for defendants—should turn at all upon the last two concerns, which actually have nothing whatsoever to do with due process for defendants. In any event, following the Sixth Circuit's lead as noted above, the Court will not apply those two factors.

# DISCUSSION

The Court will first address Plaintiff's request for jurisdictional discovery before turning to whether Defendant LG Chem is subject to personal jurisdiction in this Court.

A. <u>Plaintiff's Discovery Request</u>

Plaintiff requests 60 days to take limited jurisdictional discovery. (Doc. No. 32 at 2). Defendant opposes this request. (Doc. No. 34 at 5).

"[I]t is well established that the scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). And although a court may order discovery or hold an evidentiary hearing when ruling on a 12(b)(2) motion,

> Discovery is not required based on speculation or hope. *See Yaldo v. Homeric Tours, Inc.*, No. 13-cv-13367, 2014 WL 6686768, at *5 (E.D. Mich. Nov. 26, 2014); *Macomb Cty. Bd. of Comm'rs v. StellarOne Bank*, No. 09-15040, 2010 WL 891247, at *4 (E.D. Mich. Mar. 10, 2010). It is well within the Court's discretion to deny a plaintiff's request for jurisdictional discovery where, as here, the plaintiff makes only conclusory allegations and fails to offer any factual basis for its allegations. *See Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

*Auto-Owners Ins. Co. of Am. v. Hallmark Mktg. Co., LLC*, No. 1:11-CV-1157, 2016 WL 10514822, at *6 (W.D. Mich. Dec. 9, 2016). Another district court in this circuit has recently denied a request to take discovery against Defendant LG Chem when the plaintiff did not show the court any evidence that there were sufficient minimum contacts with the jurisdiction:

> Finally, with regard to [Plaintiff's] request for jurisdictional discovery, there is "no reasonable basis to expect that further discovery [will] reveal contacts sufficient to support personal jurisdiction." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). Had [Plaintiff's] brief in opposition put forth any evidence to suggest that LG Chem currently possesses sufficient minimum contact in Ohio, discovery may have been warranted. But here, discovery would be nothing more than a fishing expedition.

*Reyes v. Freedom Smokes, Inc.*, No. 5:19-CV-2695, 2020 WL 1677480, at *6 (N.D. Ohio Apr. 6, 2020).

Plaintiff claims that it currently has the following (undisputed) facts to show that this Court has personal jurisdiction over Defendant LG Chem: 1) "the subject battery, manufactured by LG Chem Ltd. was sold in Tennessee and injured a Tennessee citizen in Tennessee"; 2)"[Defendant] LG Chem America is a wholly owned subsidiary of LG Chem Ltd., which markets and distributes its parent's products"; and 3) "[Defendant] LG Chem America currently has designated a Tennessee Registered Agent for service of process in Tennessee." (Doc. No. 32 at 4).[10] Plaintiff admits that it does not yet have any additional evidence of facts that would support specific jurisdiction, and it seeks discovery to prove its suspicions regarding the existence of additional facts that would support specific jurisdiction. In this regard, Plaintiff states generally that it believes that it can find "proof that Defendant LG Chem America's activities regarding the lithium batteries at issue were directed at and in Tennessee." (*Id.* at 6-7). Plaintiff additionally states that it "expects to prove" facts similar to *S & S Screw Mach. Co. v. Cosa Corp.*, 647 F. Supp. 600, 607 (M.D. Tenn. 1986), wherein this Court found personal-jurisdiction requirements met. (*Id.* at 8-9). Plaintiff also "expects that the facts in this case will be different than those" presented by *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980), where the requirements for specific jurisdiction were not met. (*Id.* at 8).

Plaintiff argues that Defendant LG Chem's Declaration contains omissions that indicate jurisdictional discovery should be granted. Plaintiff seems to assert primarily that: 1) Defendant

---

[10] To establish the accuracy of these facts, Plaintiff filed several pieces of evidence: the transcript of a deposition of LG Chem, Ltd.'s corporate representative indicating that LG Chem, Ltd. manufactures the relevant battery, (Doc. No. 32-1); a map posted on LG Chem, Ltd.'s website indicating that Defendant LG Chem is a "marketing subsidiary" of LG Chem, Ltd, (Doc. No. 32-2 at 1); an entry for Defendant LG Chem on the Tennessee Secretary of State's website and the affidavit of service previously filed in this case, (*Id.* at 2-3, 4; Doc. No. 11); and what appears to be a receipt for the sale transaction in which the insured purchased the subject vacuum. (Doc. No. 32-2 at 6). As indicated, such accuracy appears undisputed.

12

LG Chem's Declaration does not sufficiently state that Defendant LG Chem did not market the battery, 2) Defendant LG Chem does not state that it did not distribute, market, or sell the battery to anyone, 3) Defendant LG Chem does not state that it was not involved with the subject battery in any way, 4) though Defendant LG Chem's Declaration states that Defendant LG Chem did not distribute or sell the relevant battery in Tennessee, it could have distributed or sold the relevant battery outside of Tennessee with the intention of the battery ultimately making its way to Tennessee residents, 5) Defendant LG Chem's Declaration does not state that Defendant LG Chem has not authorized another entity to sell, market, or distribute the subject battery, and 6) Defendant LG Chem does not state that it was not involved with the battery in any way. (Doc. No. 32 at 9-11). Plaintiff also states that the "most notable" omission from Defendant LG Chem's Declaration is that Defendant LG Chem "does not say that it did not sell, distribute, or market the subject battery to any other corporation, such as the other defendants in this lawsuit." (*Id.* at 11). Plaintiff further implies that what was omitted was omitted because the *opposite* of what was omitted is true, *i.e.*, that Defendant LG Chem would have included these specific omitted things if they were true and instead omitted them precisely because they were not true.

The Court is satisfied (except to the extent indicated below) that Plaintiff has accurately described certain things that were omitted from Defendant LG Chem's Declaration. And the Court understands why Plaintiff suggests that the *opposite* of the omitted "facts" must be true. Moreover, it is true that nothing in Defendant LG Chem's Declaration precludes the possibility that Defendant LG Chem distributed or sold the relevant battery outside of Tennessee with the intention of the battery ultimately making its way to Tennessee residents.

But this gets Plaintiff only so far, and not far enough. The Court is not persuaded that these omissions pointed to by Plaintiff in Defendant LG Chem's Declaration, coupled with speculation

13

about what Defendant LG Chem theoretically could have done even accepting Defendant LG Chem's Declaration as true, show that discovery is needed. Plaintiff has merely speculated that, if it is allowed to take jurisdictional discovery, these gaps in Defendant LG Chem's Declaration will be filled with facts—including the opposite of the omitted "facts"—that show that this Court has specific jurisdiction over Defendant LG Chem. However, Plaintiff has given the Court no reason, other than its speculation, to believe that these facts would be found in discovery. As previously noted, "[d]iscovery is not required based on speculation or hope." *Auto-Owners Ins. Co. of Am.*, 2016 WL 10514822, at *6. Additionally, Defendant LG Chem asserts that many of the omitted "facts" were omitted not because the opposite of such "facts" is true, but rather because Defendant LG Chem's Declaration was "carefully crafted" to address the allegations in the Complaint and to demonstrate that Defendant LG Chem is not subject to personal jurisdiction specifically in Tennessee. (Doc. No. 34 at 2). The Court credits this assertion because it is quite normal for a party to include in a declaration only so much information as is necessary to achieve the specific purpose of the declaration—an approach that is perfectly acceptable provided it does not result in the foisting of disingenuous half-truths upon the Court—and Defendant LG Chem has accurately identified the proper (particular) purpose for its declaration, and it could reasonably seek to achieve that purpose while leaving out the omitted "facts" even if they were true; for this reason, the Court cannot conclude that the opposite of the omitted "facts" must be the truth.

In addition to relying on sheer speculation, Plaintiff has overstated or understated the contents of Defendant LG Chem's Declaration in several ways. Plaintiff says that Defendant LG Chem has not sufficiently stated that it did not market the battery, but Defendant LG Chem's Declaration states that Defendant LG Chem has never marketed the battery for the use of individual consumers in connection with the vacuum. (Doc. No. 24-1 at ¶ 12). Plaintiff has also stated that

14

Defendant LG Chem did not disavow selling, distributing, or marketing the battery to the other Defendants, but (though not referencing "marketing" as such) Defendant LG Chem's Declaration does state that "[Defendant LG Chem did not sell or distribute [the relevant batteries] to [Defendants] Bissell Homecare, Inc., Bissel, Inc. or Flextronics International USA, Inc." (*Id.* at ¶ 14).

Even if the Court were to accept that the opposite of the omitted "facts" pointed to by Plaintiff are the true facts, the Court would not find such facts sufficient to warrant jurisdictional discovery. This is in large part because the Court would not find that such facts require a finding that Defendant LG Chem is subject to specific jurisdiction in Tennessee, as the facts theoretically filling the omissions would still lack the connection to *Tennessee in particular* required under the specific jurisdiction analysis.

Besides arguing that the omissions in Defendant LG Chem's Declaration show that jurisdictional discovery is warranted, Plaintiff has provided the Court with no reason that jurisdictional discovery would be helpful or appropriate in resolving this Motion. Therefore, the Court finds that Plaintiff has not shown that jurisdictional discovery is needed in this case, and the Court will exercise its discretion to deny Plaintiff's request for jurisdiction discovery.

The Court will therefore turn to the merits of the Motion based on the record as it currently exists.

B. Specific Jurisdiction

Without having the opportunity to take discovery or have an evidentiary hearing, Plaintiff must meet the lesser *prima facie* standard (as discussed above). Other than generally stating the law relevant to specific jurisdiction, Plaintiff has failed to address how this Court has personal jurisdiction over Defendant LG Chem. (Doc. No. 32). Plaintiff has not addressed whether

Defendant LG Chem has purposefully availed itself of the privilege of doing business in Tennessee, whether the cause of action arises out of or relates to Defendant LG Chem's activities in Tennessee, or whether the exercise of jurisdiction over Defendant LG Chem would be reasonable. Because of Plaintiff's lack of argument regarding specific jurisdiction, Defendant LG Chem argues that the Court should deem this point conceded. (Doc. No. 34 at 4). Though Plaintiff has not provided fulsome briefing on the issue, the Court will conduct an analysis of specific jurisdiction (and not deem the claim conceded) because Plaintiff does seem to assert (albeit only in passing) that specific jurisdiction is present.

As noted above, Plaintiff claims that the following (undisputed) facts show the Court has personal jurisdiction over Defendant LG Chem: 1) "the subject battery, manufactured by LG Chem Ltd. was sold in Tennessee and injured a Tennessee citizen in Tennessee"[11] ; 2)"[Defendant] LG Chem America is a wholly owned subsidiary of LG Chem Ltd., which markets and distributes its parent's products"; and 3) "[Defendant] LG Chem America currently has designated a Tennessee Registered Agent for service of process in Tennessee." (Doc. No. 32 at 4). These (undisputed) facts are insufficient to meet Plaintiff's *prima facie* case, defined as "admissible evidence, which if believed, is sufficient to establish the existence of personal jurisdiction." *Reyes*, 2020 WL 1677480, at *2.

The first fact is not probative of specific jurisdiction, because it focuses solely on the insured's conduct (where the insured bought the battery and was injured), rather than Defendant LG Chem's conduct. *See Walden*, 571 U.S. at 289. The second fact is also unhelpful to Plaintiff because it does not link Defendant LG Chem with the battery or with the state of Tennessee.

---

[11] Plaintiff's use of the term "sold" is unclear here, as it could imply that the battery was sold to an individual consumer, sold to a distributor, or "sold" in the limited and indirect sense that it was part of the vacuum sold to the individual consumer.

16

Though this does link Defendant LG Chem with LG Chem Ltd., it does not show that Defendant LG Chem is connected to the relevant battery or the State of Tennessee in any way. Finally, and consistent with the Court's observation in a footnote above, the third fact (appointment of an agent for service of process) is not equated with personal jurisdiction. *E.g.*, *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993) (noting that designating an agent for service is not equivalent with being subject to personal jurisdiction); *Ratliff v. Cooper Lab'ys, Inc.*, 444 F.2d 745, 748 (4th Cir. 1971) ("We think the application to do business and the appointment of an agent for service to fulfill a state law requirement is of no special weight in the present context. Applying for the privilege of doing business is one thing, but the actual exercise of that privilege is quite another. The principles of due process require a firmer foundation than mere compliance with state domestication statutes." (internal citation omitted)). Therefore, the Court does not find any of Plaintiff's proffered facts sufficient to "establish the existence of personal jurisdiction." *Reyes*, 2020 WL 1677480, at *2.

Though the Court could end its analysis upon finding that Plaintiff has failed to establish its *prima facie* case regarding personal jurisdiction, the Court also briefly notes that Plaintiff has not disputed any of the statements in Defendant LG Chem's Declaration.[12] The Court has summarized above the contents of this declaration. The Court here will briefly recount some of the (unrebutted) facts in Defendant LG Chem's Declaration that indicate that Defendant LG Chem's contacts with Tennessee are insufficient to support specific jurisdiction in the present case:

- Defendant LG Chem did not manufacture the relevant battery (Doc. No. 24-1 at ¶ 11);

---

[12] By contrast, Plaintiff has asserted that Defendant LG Chem's Declaration contains pertinent omissions, as discussed above. The Court has explained above that these omissions do not warrant the taking of jurisdictional discovery or support a finding of specific jurisdiction.

17

- Defendant LG Chem has never manufactured, sold, marketed, or distributed the relevant battery to individual consumers (*Id.* at ¶ 12);

- Defendant LG Chem has had no business with the insureds (*Id.* at ¶ 13);

- Defendant LG Chem did not distribute or sell the relevant battery in Tennessee (*Id.* at ¶ 19);

- Defendant LG Chem did not sell or distribute the relevant battery to the other Defendants (*Id.* at ¶ 14);

- Defendant LG Chem's petrochemical materials and products that are sold in Tennessee comprise only about 2.52% of Defendant LG Chem America's total sales (*Id.* at ¶¶ 16-18).

Because Plaintiff has failed to show its *prima facie* showing of specific jurisdiction and Defendant LG Chem has put forward undisputed facts tending to refute that the Court has specific jurisdiction over it in this case, the Court finds that it does not have specific jurisdiction over Defendant LG Chem.

## CONCLUSION

For the reasons discussed, the Court will grant Defendant LG Chem's Motion. As a result, Defendant LG Chem will be dismissed from this action. Such a dismissal is not one based on the merits. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999). Therefore, the dismissal of Defendant LG Chem must be without prejudice. *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 520 (6th Cir. 2006). Therefore, the claims against Defendant LG Chem will be **DISMISSED WITHOUT PREJUDICE**.

An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE